# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO. 3:17-CR-134-2-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| AARON ALEXANDER, ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's "Motion to Suppress Evidence Related to Aaron Alexander for Violation of His Due Process Rights," Doc. 1562, filed on May 21, 2018. The "Government's Opposition to Defendant (2) Alexander's Motion to Suppress Evidence and to Dismiss Indictment for Due Process Violation," Doc. 1593, was filed on May 29, 2018. Defendant filed a Reply brief, Doc. 1605, on June 1, 2018. The Court conducted an evidentiary hearing on June 19, 2018 and heard testimony from Charlotte Mecklenburg Police Department ("CMPD") Captain Michael Harris and Officer Jared Decker.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for consideration.

Having fully considered the record and following the hearing, the undersigned respectfully recommends that Defendant's Motion to Suppress be <u>denied</u>, as discussed below.

## I. FACTUAL BACKGROUND AND FINDINGS

As best the Court can discern, Defendant seeks to suppress any evidence arising from incidents occurring on July 9, 2015 and August 26, 2015. Defendant contends that he has been denied access to videotaped evidence from these incidents.

On the July date, Defendant was present in a residence when an arrest warrant was served on an individual identified as Eric Luna. Defendant was found in possession of controlled substances and also arrested. Charlotte-Mecklenburg Police conducted a videotaped interview of Luna following his arrest. On the August date, Defendant was a passenger during a traffic stop conducted by Officer Decker. He was cited for possession of marijuana. Officer Decker activated both his dash camera and body camera during the course of the stop.

Defendant requested a copy of the videotaped interview with Luna. Initially the Government had some difficulty in locating the videotape. The videotape was ultimately located and defense counsel was advised last month that a copy was available for him to pick up. As of this hearing, counsel has not picked up his copy of the videotape.

Defendant also requested copies of Officer Decker's dash camera and body camera videos. The dash cameras in CMPD vehicles begin recording upon activation of blue lights or manual activation by the officer. A body camera is manually activated by the officer. An "Evidence Audit Trail" maintained by CMPD documents any dash camera or body camera recordings. While Officer Decker activated his dash camera, there is no corresponding Audit Trail documenting a recording from that incident. This indicates that the system malfunctioned and no recording was

made. The Government has produced the body camera recording and corresponding Audit Trial to defense counsel.

Defendant argues that there is missing footage from the body camera video. Per CMPD Directives in place in 2015, if a traffic stop evolved into a criminal investigation, the officer was to stop the body camera from recording any further. Officer Decker ultimately stopped recording from the body camera during this incident and designated the video as "criminal investigation-misdemeanor." He later changed the designation to "criminal investigation-felony." The dash camera and body camera technology does not allow CMPD officers to delete any recordings.[1] The recordings are automatically deleted by the system upon expiration of the retention period mandated by the Directives.

## II. ANALYSIS

Defendant alleges that (1) the videotaped interview of Eric Luna was destroyed; (2) the dash camera and body camera recordings from the August 2015 traffic stop were partially or completely destroyed; and (3) this alleged destruction of evidence was done in bad faith and in violation of his due process rights.

In Arizona v. Youngblood, 488 U.S. 51, 58 (1988), the Supreme Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. at 58; see Illinois v. Fisher, 540 U.S. 544, 547-48 (2004) ("[F]ailure to preserve [] potentially useful evidence does not violate due process unless a criminal defendant can show bad faith on the part of the police.") (internal quotation marks omitted). A showing of bad faith requires evidence that the police acted

---

[1] CMPD supervisors have limited authority to delete recordings when a body camera is turned on inadvertently by the officer and records a visit to the bathroom or a change of clothes.

intentionally to gain a tactical advantage or to harass a defendant. Youngblood, 488 U.S. at 57. Mere negligence does not amount to bad faith. Id. at 58; see also United States v. Thompson, 584 F. App'x 101, 103-04 (4th Cir. 2014) (officer's failure to re-label footage when charge was upgraded to felony so that it would be preserved longer was negligent at best and did not violate due process). A finding of bad faith cannot be inferred, even when a discovery motion is pending at the time of destruction. See Fisher, 540 U.S. at 548 ("We have never held or suggested that the existence of a pending discovery request eliminates the necessity of showing bad faith on the part of police.").

### A. Videotaped interview of Eric Luna

This videotape has been made available to defense counsel. Defendant asks the Court to assume bad faith on the part of the Government before the videotape was made available. The Court declines to do so and respectfully recommends that the Motion to Suppress with regard to the videotaped interview be denied.

### B. Dash Camera Recording

Officer Decker testified that he activated the dash camera when the traffic stop commenced. However, there is no corresponding Audit Trail documenting a recording from that incident. It is uncontroverted that there was a malfunction of the dash camera and no recording was made. Defendant asks the Court to assume bad faith based upon the malfunction of the dash camera. The Court declines to do so and respectfully recommends that the Motion to Suppress with regard to the non-existent dash camera recording be denied.

### C. Body Camera Recording

The Government has produced the body camera recording and corresponding Audit Trial to defense counsel. Officer Decker stopped his body camera from recording when the incident

evolved from a traffic stop into a criminal investigation per the CMPD Interactive Directives Guide for Body Worn Camera.  Government Exhibit 1.  Once again, Defendant asks the Court to assume bad faith. Officer Decker acted pursuant to the Directives in place at the time of the incident.  The Court does not find any bad faith on the part of Officer Decker and respectfully recommends that the Motion to Suppress with regard to the body camera recording be denied.

### D.  Liability of Law Enforcement Officers

In the prayer for relief, Defendant "requests that the court finds law enforcement destroyed discovery related to the present case in violation of retention statutes and should be held criminally liable."  There is no evidence that law enforcement destroyed any evidence here.  The dash camera recording does not exist because of a malfunction.  The Luna videotape and the body camera recording have been provided to defense counsel.  The Court finds Defendant's request to hold law enforcement officers "criminally liable" frivolous and respectfully recommends that the Motion to Suppress requesting law enforcement officers "be held criminally liable" be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion to Suppress Evidence Related to Aaron Alexander for Violation of His Due Process Rights," Doc. 1562, be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v.

Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED.**

Signed: June 21, 2018

_____
David S. Cayer
United States Magistrate Judge