UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| (2) AARON DEMITRI ALEXANDER | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court upon Defendant Aaron Demitri Alexander's Motion to Suppress Evidence Related to Aaron Alexander for Violation of His Due Process Rights (Doc. No. 1562), the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending this Court DENY Defendant's motion to suppress (Doc. No. 1705), and Defendant Alexander's Motion to Dismiss Indictment as to Aaron Alexander for Violation of His Due Process Rights (Doc. No. 1561). Defendant has failed to file any objections to the M&R. After reviewing the relevant memoranda, recommendations, and supporting documents, the Court hereby ADOPTS the Magistrate Judge's M&R (Doc. No. 1705), thus DENIES Defendant's Motion to Suppress (Doc. No. 1562). Furthermore, for the reasons stated below, the Court DENIES Defendant's Motion to Dismiss (Doc. No. 1561).

**I. STANDARD OF REVIEW**

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). If a party timely files "specific written objections" to the proposed recommendations, the "district judge must consider de novo any

1

objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(2)-(3); see also 28 U.S.C. § 636. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. BACKGROUND

Defendant's motions both focus on three pieces of video evidence: a video interview of third party Eric Luna, dash camera video from an August 26, 2015 traffic stop, and body camera video from the same stop. The Magistrate Judge conducted an evidentiary hearing on June 19, 2018, and heard testimony from Charlotte Mecklenburg Police Department ("CMPD") Captain Michael Harris and Officer Jared Decker regarding the videos. The M&R summarizes the factual background and findings based on the evidence presented relevant to the instant motions as follows:

> On [July 9, 2015] Defendant was present in a residence when an arrest warrant was served on an individual identified as Eric Luna. Defendant was found in possession of controlled substances and also arrested. Charlotte-Mecklenburg Police conducted a videotaped interview of Luna following his arrest. On [August 26, 2015] Defendant was a passenger during a traffic stop conducted by Officer Decker. He was cited for possession of marijuana. Officer Decker activated both his dash camera and body camera during the course of the stop.
>
> Defendant requested a copy of the videotaped interview with Luna. Initially the Government had some difficulty in locating the videotape. The videotape was ultimately located and defense counsel was advised last month that a copy was

2

available for him to pick up. As of this hearing [June 19, 2018], counsel has not picked up his copy of the videotape.

Defendant also requested copies of Officer Decker's dash camera and body camera videos. The dash cameras in CMPD vehicles begin recording upon activation of blue lights or manual activation by the officer. A body camera is manually activated by the officer. An "Evidence Audit Trail" maintained by CMPD documents any dash camera or body camera recordings. While Officer Decker activated his dash camera, there is no corresponding Audit Trail documenting a recording from that incident. This indicates that the system malfunctioned and no recording was made. The Government has produced the body camera recording and corresponding Audit Trial to defense counsel.

Defendant argues that there is missing footage from the body camera video. Per CMPD Directives in place in 2015, if a traffic stop evolved into a criminal investigation, the officer was to stop the body camera from recording any further. Officer Decker ultimately stopped recording from the body camera during this incident and designated the video as "criminal investigation-misdemeanor." He later changed the designation to "criminal investigation-felony." The dash camera and body camera technology does not allow CMPD officers to delete any recordings.[1] The recordings are automatically deleted by the system upon expiration of the retention period mandated by the Directives.

Defendant filed his motion to dismiss (Doc. No. 1561) and motion to suppress (Doc. No. 1562) on May 21, 2018. The Government filed its responses opposing the motions on May 29, 2018, to which Defendant replied on June 1, 2018. The Court addresses Defendant's motions and the Magistrate Judge's recommendation below.

### III. ANALYSIS

**A. Motion to Suppress**

Following the evidentiary hearing the Magistrate Judge issued an M&R on June 21, 2018, recommending this Court deny Defendant's motion to suppress. Defendant has failed to file any objections to the M&R. Accordingly, the Court reviews the M&R for "clear error" and need not

---

[1] CMPD supervisors have limited authority to delete recordings when a body camera is turned on inadvertently by the officer and records a visit to the bathroom or a change of clothes.

provide any explanation for its decision adopting the Magistrate Judge's recommendations. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the Magistrate Judge's recommendation, the Court finds no clear error; the Magistrate Judge appropriately determined that because there exists no evidence that law enforcement acted in bad faith in the handling of these videos, the motion to suppress should be denied. Thus, the Court adopts the Magistrate Judge's M&R recommending this Court deny Defendant's motion to suppress.

### B. Motion to Dismiss

The gravamen of Defendant's motion to dismiss is that CMPD destroyed video evidence in bad faith thus violating his due process rights and entitling him to dismissal of the indictment against him with prejudice. Such argument, however, is of no moment as there is no basis in federal law for Defendant's request. Even assuming, *arguendo*, CMPD destroyed the video evidence at issue in bad faith, although as indicated by the M&R there is no evidence of bad faith whatsoever, due to the doctrine of dual sovereignty the appropriate remedy would not be dismissal of the federal indictment. In the case at bar, Defendant has been charged with one count of racketeering conspiracy ("RICO conspiracy") in violation of 18 U.S.C. § 1962(d). The videos at issue relate to only two incidents of several that the Government might use at trial. (Doc. No. 1592, p. 7). Defendant fails to cite any authority, and the Court finds none, to support the conclusion that a federal indictment for RICO conspiracy should be dismissed given the facts set forth here. As such, Defendant's argument is overruled.

### IV. CONCLUSION

IT IS THEREFORE ORDERED the Magistrate Judge's M&R is ADOPTED, thus Defendant's Motion to Suppress is DENIED. In the absence of any objection from Defendant, the Court has reviewed the Magistrate Judge's decision for clear error and found none. Furthermore, the Defendant's Motion to Dismiss is DENIED. There is no basis in federal law for Defendant's request to dismiss the First Superseding Indictment. In sum, the Court ADOPTS the Magistrate Judge's M&R recommending this Court DENY Defendant's motion to suppress (Doc. No. 1705), DENIES Defendant's Motion to Suppress (Doc. No. 1562), and DENIES Defendant's Motion to Dismiss (Doc. No. 1561).

IT IS SO ORDERED.

Signed: July 16, 2018

*[Signature]*

Frank D. Whitney
Chief United States District Judge